FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| JOAQUIN H. CIRIA,<br><br>    Plaintiff - Appellant,<br><br> v.<br><br>NICHOLAS J. RUBINO; OFFICER<br>AISSA; JAMES CROWLEY; ARTHUR<br>GERRANS,<br><br>    Defendants - Appellees. | No. 08-17300<br><br>D.C. No. 3:07-cv-04770-MMC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Maxine M. Chesney, Senior District Judge, Presiding

Argued and Submitted April 16, 2010
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and COLLINS, District
Judge.[**]

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

California prisoner Joaquin Ciria ("Ciria") appeals the district court's judgment dismissing his *pro se* 42 U.S.C. § 1983 action alleging that the San Francisco police officers violated his constitutional rights by failing to disclose potentially exculpatory evidence in their possession during his murder trial. This Court appointed appellate counsel. The district court held that Ciria's claim was barred under *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because a determination that Ciria is entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963), would necessarily demonstrate the invalidity of his conviction. The district court also held his claim was barred by the statute of limitations, because Ciria and/or his attorney knew or, should have discovered through due diligence, all of the alleged injuries and their causes no later than the conclusion of Ciria's state criminal proceedings. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

A dismissal pursuant to Federal Rules of Civil Procedure Rule 12(b)6 is reviewed *de novo. North County Communication Corp. v. California Catalog & Technology*, 2010 WL 446505 __F.3d____, (9th Cir. 2010)(citing *Rhoades v. Avon Prods., Inc.* 504, F.3d 1151,1156 (9th Cir. 2007).

Appellant argues that the district court erred when it held his claim was barred by the statute of limitations because it was predicated on the erroneous

assumption that a criminal defendant has the burden of proof to investigate and uncover state misconduct. Appellant argues that accepting the district court's decision that Ciria (actual or imputed through his counsel) knew or should have discovered through due diligence at the time of his trial rewards prosecutorial misconduct, circumventing Supreme Court precedent in *Strickler v. Greene*, 527 U.S. 263, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999), and *Banks v. Dretke*, 540 U.S. 669, 697, 124 S.Ct. 1256, 157 L.Ed.2d 1166 (2004). We disagree.

Section 1983 claim "accrues when the plaintiff knows or has reason to know of the injury, which is the basis of the action." *Maldonando v. Harris*, 370 F.3d 945,955 (9th Cir. 2004)(quoting *TwoRivers v. Lewis*, 174 F.3d 987,992 (9th Cir. 1999)). Two questions this Court must consider are (1) whether Appellant or his counsel could have reasonably been expected to ask the prosecutor for the surveillance records and witness interview notes at the time of initial criminal proceeding; and (2) whether the prosecutor would have disclosed the documents. *Bibeau v. Pacific Northwest Research Foundation*, 188 F.3d 1105, 1108 (9th Cir. 1999). The record shows that Ciria believed, at the time of trial, he was under surveillance between December 1989 and April 1990. ER. 28-29. This time frame includes the night of the murder. Appellant also knew the identity of the officers that performed the witness interviews. *Id* at 32,34,91. These facts demonstrate that

3

Appellant knew the underlying facts of his alleged constitutional injury at the time of trial. We disagree with Appellant's assertion that he gained a factual basis of his alleged injury in 2006 because his previous Petitions for Writ of Habeas Corpus demonstrate that he had knowledge of the alleged injury.

We conclude, based on these facts, that the district court correctly found that Ciria's claim was time barred. Ciria had a factual basis for his constitutional injury, at the latest, at the time of his trial in 1991. Applying California's one year personal injury statute of limitations and the prisoner tolling statute, we hold that the statute of limitations ran on February 20, 1994. *See Jones v. Blanas*, 393 F.3d 918,927 (9th Cir. 2004)(recognizing that California's statute of limitations for personal injury actions is one year for injuries arising before January 1, 2003); *see also* Cal. Civ. P. 352.1(a) (two year tolling provision for prisoners). Therefore, Ciria's Section 1983 claim is untimely because it was filed after February 20, 1994.

On appeal, appellant's appointed counsel relies on a recent Supreme Court decision dealing with the right to obtain DNA testing and other scientific evidence not available at the time of trial. *See Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*,____ U.S.____, 129 S. Ct. 2308, 175 L. Ed. 2d 38 (2009).

*Osborne* does not apply to the situation here, where the claimed exculpatory evidence was available at the time of trial.

**AFFIRMED.**

***Ciria v. Rubino*, Case No. 08-17300**
**Rawlinson, Circuit Judge, concurring:**

I concur in the result.